## In the Matter of the Estate of Alonzo Hebbard, Deceased.

Surrogate's Court, Westchester County, November 10, 1931.

*Eastman & Eastman* [*James S. Fay* of counsel], for the petitioner.

*Ronald K. Brown*, for the executors.

Slater, S.   There is contention between the parties as to whether the legacies in the decedent's codicil are general or specific.

The intention of the testator is a large factor in determining the question.   The law leans against specific legacies and to general ones for several reasons, but the rule yields to the testator's intention as gathered from his will and from other circumstances.   Every case must stand upon its own facts and it is impossible to create a general rule of law so that cases will fall either on one side or the other in an automatic way.

In the instant case the codicil speaks with regard to the specific gifts as of its date.   As to specific gifts, the rule is well established that a will speaks as of the time of its execution.   (*Matter of Delaney*, 133 App. Div. 409, 413; affd., 196 N. Y. 530; *Matter of Bradley*, 119 Misc. 2; *Matter of Hess*, 120 id. 372.)

Adelia D. Hebbard, the wife of the testator, executed her will on June 8, 1918, and died on March 3, 1930.   Her will was probated in Westchester county on March 26, 1930.   The transfer tax proceeding shows the estate amounted to about $195,000. The 2d paragraph of the will provides as follows:

"*Second.* I give, devise and bequeath unto my husband, Alonzo Hebbard, all my property and estate, real and personal and of every kind and nature whatsoever, provided, however, that if, at the time of my death, my said husband shall be deceased, or shall die during a period of six months after my death, then I give, devise and bequeath all my said property and estate to my grand-niece, Linnie A. Goodsell, of Portland, Oregon, my said husband, however, if he survives me, is to be entitled to and to receive the income during his life, and the entire principal if he survives me for said period of six months."

Linnie A. Goodsell, the person mentioned in the above paragraph, is now Linnie A. Huber, the petitioner herein.

The testator executed a will subsequently to the death of his wife, namely, on June 19, 1930. By this will all of his property passed to the people of his blood. The conditional gift of the 2d paragraph of the wife's will was to become absolute on September 3, 1930, if the testator lived at that date. The testator executed a codicil on August 28, 1930, in the following words:

"*First.* I give to my wife's grandniece, Linnie A. Huber, the securities described below. 30 shares American Telephone & Telegraph Co. 100 shares Electric Bond and Share Co. preferred. 1000 shares General Electric Co. 207 shares General Electric Co. 6% special. 67 shares General Motors Co. 5% preferred. 75 shares General Motors Co. Common. 30 shares Guardian Assets Corporation preferred. 50 shares Guardian Assets Corporation common. 20 shares Guaranty Trust Company of New York. 132 shares Phillips Petroleum Co. 50 shares United States Steel Company preferred. 32 shares United States Steel Company common. $2000 Guardian Assets Corporation 5% Bonds. $1000 Erie Railroad, General Mortgage 4% Bond. $1000 Reading Co. General Mortgage 4½% Bond."

The testator died on January 2, 1931, and his will was probated in the Westchester County Surrogate's Court on the 9th day of February, 1931. There is no contention as to the facts. The securities named in the testator's codicil he received under the will of his wife. They were in his possession and, at the expiration of the six months from the death of his wife, were transferred to him. In one instance, he gave by the codicil a lesser number of shares of stock than he received from his wife, and in another instance he gave more shares than he received from his wife.

The executors depend upon *Tifft* v. *Porter* (8 N. Y. 516) to support their contention that the legacies are general. The most that this case holds is that a gift of public stock is a general legacy when there is nothing in the will to indicate that it is a gift of the

testator's stock. I conclude that the facts of the instant case take it without the rule laid down in *Tifft v. Porter*. (*Matter of Security Trust Company*, 221 N. Y. 213; *Matter of Largue*, 267 Mo. 104, 114; *Matter of Ferreck*, 241 Penn. St. 340.)

*Matter of Martin* (252 N. Y. 582, Dec. 1929) is a late case on the subject. In that case there was a gift of forty shares of stock of the Niagara Falls Power Company. The surrogate held the legacy a general one, and the Appellate Division (225 App. Div. 724) reversed and held the legacy specific. The Court of Appeals, without opinion, held the legacy was specific. This ruling has been followed by Surrogate FOLEY in *Matter of Tyler* (N. Y. L. J. Aug. 2, 1930), where the gift was of thirty-eight shares of stock of the Corn Exchange Bank. At the time of the death of the decedent in the *Tyler* case he owned forty shares of bank stock. The surrogate held that the bequest was specific as to the thirty-eight shares of stock, citing *Matter of Martin* (*supra*).

*Matter of Mitchell* (114 Misc. 370, 374); *Matter of Security Trust Company* (*supra*); *Matter of Strasenburgh* (136 Misc. 91, Dec. 1928), and *Matter of Ireland* (257 N. Y. 155, 158) had to do with the stock of closely held corporations and the courts found the gifts specific. In the *Security Trust Company Case* (*supra*) Judge CRANE said: " It is the intention of a testator, as gathered from his entire will, which determines whether the legacy be general or specific. * * * In *Thayer v. Paulding* (200 Mass. 98) it was said: ' A very slight indication of an intention to give shares then in his ownership is enough to make the legacy specific in a case like this.' "

The authority of *Tifft v. Porter* appears to be challenged by the decision of the same court in *Matter of Martin* (*supra*), although followed in *Matter of Freeman* (139 Misc. 301).

The evidence received by the court with regard to contemporaneous circumstances to resolve the doubt discloses very clearly the testator's intention when he executed the codicil. He knew that if he died within the six months' period after the death of his wife, these very securities would pass to his wife's grandniece, Linnie A. Huber, by command of his wife's will; he knew that he had executed his will giving his estate to the people of his own blood; he knew that if he died after September 5, 1930, without making a new will or codicil, his wife's property would pass to the people of his blood under his will. In executing the codicil it was clearly his intention to carry out the wishes of his wife as declared in her will. The execution of his codicil was a most honorable act. When he mentioned in his codicil on August 28, 1930, the number of shares of the particular stock, whether common or preferred, he showed an intention to refer to the particular stock which he had

conditionally received from his wife and of which he would become the absolute owner five days thereafter.

The court will hold that the gift of the public stock set forth in the 2d paragraph of the codicil of the testator to Linnie A. Huber is a specific legacy. The executors are directed to deliver such securities to the petitioner herein (*Matter of Columbia Trust Co.*, 186 App. Div. 377, 380), together with all accruals of income thereon at the testator's death, without deduction of executors' commissions.

Submit decree.