In the Matter of the Will of WILLIAM J. DAVIS, JR., Deceased.

Surrogate's Court, Schenectady County, May 12, 1945.

*Arthur S. Golden* for petitioner.

*Charles M. Hughes* for Nelle M. MacMaster and another, respondents.

*James P. Kalteux* for R. M. Giroux, respondent.

CAMPBELL, S. This court is asked to determine whether the bequests of securities in paragraph " Third " of testator's last will and testament are specific or general.

The bequests are similar in form and read substantially as follows:

" I give and bequeath to the following named persons the following property and sums of money respectively:

" To my brother, Cleland Davis of Coral Gables, Florida, one thousand (1000) shares of the Common stock of the General Electric Company."

The bequests give shares of stock in two corporations in which the testator had large holdings. At the time of making his will and at the time of his death, testator owned more shares of the stocks in question than he bequeathed. The securities are of the type that are commonly purchased and sold by the general public in the open market, referred to in early court decisions as " public funds ".

In wording the bequests, the testator failed to use language identifying the shares of stock given as the shares of stock in his possession.

In leading cases, where testator's donative language is indeterminate, the courts have uniformly held bequests of " public funds " general and bequests of securities of closely held corporations specific. (*Tifft* against *Porter,* 8 N. Y. 516; *Matter of Security Trust Co.,* 221 N. Y. 213.)

The reason for the policy in cases involving " public funds " seems to be to protect the donees thereof and to prevent their resultant disinheritance where the testator does not own the securities at time of death.

The reason for the policy in cases involving securities of closely held corporations seems to be to protect residuary legatees where the testator does not own the securities at time of death. The gift adeems and the executors are not obliged to satisfy the bequest with securities that can only be obtained in a limited market at possible extortionate prices.

In the case at bar, we are faced with no problem of solvency, disinheritance, or difficulty of satisfaction in kind. Testator was an unmarried man of means with considerable cash and stock holdings. The cash legacies can be paid in full, the bequests of securities can be satisfied in kind from within the assets of the estate and there will be a large residuary estate. The residuary legatees and security legatees stand substantially on the same plane as objects of the testator's bounty.

Dividends in substantial amount have accrued on the securities since the testator's death and the only effect of this court's decision will be to award the dividends to the legatees of the securities or to the residuary legatees.

Despite strict rules of construction, however, the courts have held that the testator's intention is paramount and that to determine same, the court must look to the entire will in order to determine the nature of a bequest. (*Matter of Security Trust Co.*, 221 N. Y. 213, *supra.*)

If the language of the bequests were considered alone, this court believes that it would not be justified in holding that the bequests are specific. But there are to be found in the will as a whole certain significant features which indicate to the court that the testator intended the bequests to be specific.

As was stated in *Thayer* v. *Paulding* (200 Mass. 98; 101, cited with approval in *Matter of Security Trust Co., supra,* p. 221): " A very slight indication of an intention to give shares then in his ownership is enough to make the legacy specific in a case like this."

In *Matter of Security Trust Co.* (*supra,* p. 220), the court said: " The rule is well stated, with an abundance of authority to sustain it, in the case of *Matter of Estate of Largue* (267 Mo. 104, 114): ' Many of the courts of last resort of this country have broken away from the arbitrary and iron-clad English rule aforesaid, and construe legacies as specific, when bank stock or other stock is disposed of, without the use of ' my ' or similar expressions, where the will upon its face, fairly discloses the intention of the testator to make a specific bequest.' "

In *Ferreck's Estate* (241 Pa. 340, 342, 343, cited with approval in *Matter of Security Trust Co., supra,* p. 220) the court said: " While the rule is that a legacy is presumed to be general rather than specific, and that the mere fact that the testator in his gifts of stock gives exactly the amount of stock he has in hand is not sufficient to overcome this presumption; yet, after all, these presumptions must give way to the intent of the testator, if it can be gathered from his will that his thought was to make specific gifts of the stock which he owned; and this intent is not to be gathered alone from the item in which the gifts are made; but gathered from the four corners of his will. * * * After all, however, as has been said, it is the intent of the testator that has to be found, and in seeking it we are not confined to any particular word or phrase, nor to any particular part of the will, and the fact that the testator had the number of shares so given, though not controlling, is significant."

As in the case of *Cramer* v. *Cramer* (35 Misc. 17) testator's will contains specific instructions as to the payment of the

estate tax. In the instant case, testator charged his residuary estate with the payment of all taxes " to the end that each person given or bequeathed any money or other property * * * may receive the same in full ". In the *Cramer* case (*supra*), the testatrix charged the residuary estate with the payment of taxes. The court, in departing from the " public funds " rule, pointed to the fact that the testatrix had been careful to guard the bequests from the burden of taxation.

In the case of *Matter of Tuck* (171 Misc. 37) Surrogate FOLEY of New York County departed from the " public funds " rule and held bequests of securities specific, pointing to language in other parts of the will, and the fact that the testator at the time of making his will possessed securities sufficient to satisfy the bequests in kind.

In the case of *Matter of Lamborn* (171 Misc. 734) Surrogate FOLEY adhered to the rule uniform in cases involving securities of closely held corporations and in supporting his decision emphasized the fact that the testator at time of making his will and at time of his death possessed more than sufficient shares of the stock bequeathed to satisfy the legacies. He also held that the use of the word " my " in the residuary clause related back and characterized preceding gifts in the will.

It has been stated that in seeking to ascertain testator's intent, the only relevant intent is that which existed at time of making his will. It may be said that if the testator Davis had intended to make general bequests, conceivably, he could have disregarded his own holdings and bequeathed shares of stock in other corporations. This he did not do and the conclusion is irresistible that in bequeathing only General Electric stock and American Gas and Electric Company stock which he owned at that time he intended to give only from his own holdings.

I therefore hold that the bequests of shares of stock in paragraph " Third " of testator's will are specific bequests.

Enter decree accordingly.