In the Matter of the Construction of the Will of PETER SCHREIBER, Deceased.

Surrogate's Court, New York County, June 16, 1949.

*Samuel L. Chess* for Anna Koch, petitioner.

*John J. Fitzgerald* and *James J. Keefe* for St. Joseph's Normal Institute, as administrator *c. t. a.* of Peter Schreiber, deceased, respondent.

FRANKENTHALER, S. Decedent and his sister, who predeceased him, had owned undivided interests in real property, which the sister had operated and managed, having had full control of the

property and its income during her lifetime. The brother in his will provided: " I give and bequeath to my sister Barbara Schreiber any monies due me by virtue of my interests in the house before mentioned, at my death, and any accumulation of monies or interest on said monies. It being my intention not to embarrass my sister by any accounting of any fund or monies in her possession which may be mine in the law, but on the contrary to give her an absolute gift of said sums or amount."

The court construes the will as a discharge and release of the sister and her estate with respect to any liability for those rents accrued and paid to the sister during her lifetime, and which she received as manager (*Matter of Tuck*, 171 Misc. 37; see, also, *Sibthorp* v. *Moxton*, 1 Ves. Sen. 49, 27 Eng. Rep. 883, and *South* v. *Williams*, 12 Sim. 566, 59 Eng. Rep. 1250). Accordingly, since the clause operates as a discharge rather than a legacy, there is no lapse due to the prior death of the sister (*Matter of Tuck, supra*). There is nothing, however, in the will which seeks to relieve anyone of the obligation to account for income accruing after the death of the sister.

Submit decree on notice construing the will accordingly.