# Richmond

## Blanche Chavis, Executrix, etc. v. Bernice Hatcher Myrick, et al.

May 1, 1950.

Record No. 3647.

Present, Eggleston, Spratley, Buchanan, Staples and Miller, JJ.

The opinion states the case.

*I. N. Wilson*, for the appellant.

*Victor J. Ashe, Martin A. Martin* and *James R. Olphin*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

Edward Hatcher, of Norfolk, died September 17, 1948, leaving a will dated March 12, 1948, the first clause of which directed his debts to be paid, and the second clause, which is the point of controversy here, was as follows:

"2. I give, devise and bequeath to my daughter, Bernice Hatcher Myrick, Norfolk, Virginia, my one (½) half interest in our business, and real and personal property, 'Morning Glory Funeral Home', Norfolk, Virginia, in fee simple."

By clause 3 he gave to his sister, Sue Hatcher Coleman, his home for life, remainder to his niece, Anna Haynes. "I also give my said sister Sue Hatcher Coleman, Five Thousand (5,000.00) Dollars cash."

By clause 4 he gave to Martha D. Harris "Three Thousand ($3,000.00) Dollars cash."

By clause 5 he gave to his executrix, Blanche Chavis, his personal and real property located at 1439 East Princess Anne road, in fee simple.

By clause 6 he gave "all the rest and residue of my estate not herein disposed of," to his said daughter, Bernice Hatcher Myrick.

By clause 7 he appointed said Blanche Chavis as his executrix.

The executrix brought this suit claiming that the daughter, Bernice Hatcher Myrick, did not take, under clause 2 of the will, the testator's one-half interest, amounting to $4,947.01, in the money in bank to the credit of the funeral home; and asking the court to construe the will.

This appeal was allowed from a decree holding that Bernice Hatcher Myrick was entitled to this money.

The only evidence introduced was in regard to the condition of the testator's estate when he died. That showed that he then had an individual bank account of $6,862.66. His total cash assets, exclusive of his interest in the bank account of the funeral home, which was a partnership in which he was one of two partners, were $7,902.66. His debts were $3,380.98. Thus, without the funeral home money there was not enough left after paying debts to pay in full the $8,000 of bequests in clauses 3 and 4 of the will.

Appellant's brief states that she has since discovered that

the funeral home had bills receivable amounting to $9,958.34, of which $4,629.57 had been collected. Nothing is said about what the partnership may owe. The partnership assets are first liable for the partnership debts. We cannot, of course, consider matters not in the record. Nor is this material, in view of the way the will must be construed.

The judicial function in construing a will is to determine what the testator meant by what he said, not what it might be supposed he intended to say or should have said. If the meaning of the words is plain there is no room for construction. The property being the testator's, his will is the law of the court unless it be against the law of the land. *McCready* v. *Lyon*, 167 Va. 103, 108, 187 S. E. 442, 444; *McKinsey* v. *Cullingsworth*, 175 Va. 411, 414, 9 S. E. (2d) 315, 316; *Rule* v. *First Nat. Bank*, 182 Va. 227, 230, 28 S. E. (2d) 709, 710.

Clause 2 of the will, quoted above, gave to the testator's daughter his one-half interest in the business and real and personal property of the funeral home, in fee simple. Words could hardly be broader or more inclusive. Plainly they embraced his interest in all that belonged to the funeral home, all that pertained to it as a going business. This money in bank was an asset of the business, part of its working capital for the purchase of goods and payment of debts. Testator's interest in the money came from his interest in the business, of which it was a part. The gift of his whole interest necessarily included the money which was a part of the whole. *McGowan* v. *Griffin*, 69 Vt. 168, 37 A. 298; *Coyle* v. *Donaldson*, 91 N. J. Eq. 138, 108 A. 308.

Appellant argues that the testator's intention not to give the daughter his interest in the partnership money is shown by the fact that there was not enough money, aside from the partnership funds, to pay in full the bequests in clauses 3 and 4. As well might it be conjectured that he had sufficient money in his individual account when he made his will, or expected to provide money for other sources to meet these bequests. Speculations as to his intention are not

admissible when the words of the will are plain. The will gave the testator's interest in the funeral home business and its real and personal property to the daughter, and it must be taken that he meant to do what he did.

The gift of the funeral home interest to the daughter in clause 2, being a gift of a particular entity or thing, was a specific legacy, while the $5,000 legacy to Sue Hatcher Coleman in clause 3 and the $3,000 legacy to Martha D. Harris in clause 4, were general legacies.

A specific legacy is a bequest of a particular, individualized article or portion of the testator's personal estate, set apart from the balance of his property. A general legacy is one which is designated by quantity or amount and which may be satisfied out of the general assets of the estate.

In the settlement of a testator's estate, when there are not sufficient assets to satisfy both debts and legacies, debts come first, and legacies abate, that is, they are reduced by the amount needed to pay debts. But as between general legacies and specific legacies, the general legacies abate first, and pro rata among themselves.

See Harrison, Wills and Administration, vol. 1, secs 295-6; 57 Am. Jur., Wills, secs. 1401-2, pp. 935-6, sec. 1459, p. 981; *Hood* v. *Haden*, 82 Va. 588; *Myers* v. *Myers*, 88 Va. 131, 13 S. E. 346; *May* v. *Sherrard*, 115 Va. 617, 79 S. E. 1026, Ann. Cas. 1915B, 1131; *Heller* v. *National Bank*, 33 F. Supp. 250, 258.

The general legacies in clauses 3 and 4 are, therefore, first subject to any deficiency in assets to pay debts and abate ratably between themselves for that purpose.

The decree below is

*Affirmed.*