Hillsborough, } No. 3958.
Jan. 2, 1951. }

RICHARD I. BOULTON, *Adm'r & a. v.* FRANK E. CLOUGH *& a.*

*J. Morton Rosenblum*, for the petitioners, filed no brief.

*Nicholas J. Costakis* and *Osgood & Osgood*, for Frank E. Clough, filed no brief.

*Maurice P. Bois, guardian ad litem* for unborn children of Frank Clough, *pro se*, filed no brief.

DUNCAN, J. The residue of the testator's estate was bequeathed and devised to his widow for life, with certain powers to invade the principal. *Cf. Belford* v. *Olson*, 94 N. H. 278; *In re Gile Estate*, 95 N. H. 270. The "remainder" at her decease, after certain minor payments, was plainly left one-half to the plaintiff Marion individually, and one-half to her as trustee for the defendant Frank. Our attention is directed primarily to the provisions of the will which relate to the coal business.

A life estate in the entire corpus of the residue was left to the widow. This included the assets of the coal business, which she was requested to continue in the management of the testator's son-in-law, R. I. Boulton, who presumably is the plaintiff administrator and husband of Marion, although the case does not so indicate. Whether the coal business was "continued" by the widow does not appear. If it was, there are no allegations or findings with respect to the value of the assets used in the business at the time of the decease of the widow in 1948.

If the business was carried on by the widow during her lifetime,

under the provisions of clause six of the will, the income of the business was to go to the widow during her lifetime, "and after her decease, to go to my daughter Marion, as part of her share of my estate." Since the widow took a life interest in the entire residue, she would have been entitled to the income of the business without specific provision therefor. Literally construed, the will provides that "the income" shall thereafter go to Marion "as part of her share of my estate." It seems plain that this provision refers to the "share" of the residue which Marion takes individually, since there is no suggestion that the share which she is to hold in trust was intended, or that the trustee is authorized to conduct the business. The share which she takes individually, Marion holds in fee. No specific disposition was made of the corpus of the business, as distinguished from the income, after the decease of the widow. "A bequest of the income, unlimited as to time and without any disposition of the corpus of the fund, is a bequest of such corpus." *Wilkins* v. *Miltimore*, 95 N. H. 17, 18. In this case the corpus of the "business," being part of the residue, passed at the widow's decease to the daughter Marion, either individually or as trustee. The specification of the will that she should have the income "as part of her share" is in our opinion an indication of intent that the corpus should pass to her as a part of her share of the corpus of the residue. See *Goodwin* v. *New England Trust Co.*, 321 Mass. 502, 505. The other half, left to her as trustee, was "to be kept invested by her." The absence of any reference to the business in the trust provisions confirms the view that the corpus of the coal business was intended by the testator to pass to Marion individually.

As previously stated, the case does not disclose the value of the "remainder" of the residue at the widow's death. It was the remainder at her death which was to be divided, and not the residue as inventoried at the testator's death. The assets of the coal business have undoubtedly changed since their value was determined in 1932. If their value at the widow's death was less than half of the total value of the remainder, no difficulty is presented in transfer of the business to Marion as "part of her share." In determining their value, all property of the business is to be taken into account, including working capital and receivables, less payables. *Coyle* v. *Donaldson*, 91 N. J. Eq. 138; *Murphy* v. *Murphy*, 118 N. J. Eq. 108; *Matter of Lowe*, 206 N. Y. 671; *Chavis* v. *Myrick*, 190 Va. 875. See also, *Hooper* v. *Hightower*, (Ind. App.), 81 N. E. (2d) 707; *In re Estate of Zents*, 148 Neb. 104; *McGowan* v. *Griffin*, 69 Vt. 168; annotation, L. R. A. 1917 D 435.

The legacy of the coal business is not however to be regarded as a specific legacy payable in full at the expense of the residue. *Cf. Petition of Cain,* 87 N. H. 318; *Malcolm* v. *Malcolm,* 90 N. H. 399. The intent of the testator that it should pass as a part of the residue is reasonably plain, and his expression of this intent should be given no different effect than are residuary clauses by which a general gift is intended, although specific items are enumerated therein. *Le Rougetel* v. *Mann,* 63 N. H. 472; annotation 128 A. L. R. 822, 835; 4 Page, Wills (Lifetime *ed.*) *pp.* 111, 112.

The will contains no evidence of an intention that any part of the residue should pass to the trustee in kind. A power on the part of the administrator to convert the residue, except for the business, into cash is to be implied. *Romprey* v. *Brothers,* 95 N. H. 258, 261, and cases cited.

If the value of the assets of the coal business proves to be greater than half the value of the total "remainder," some division of these assets between the halves must be effected. Presumably liquid assets, such as the bonds described in the inventory, may be divided equitably to effect a satisfactory adjustment. If not the administrator may be licensed to sell the assets of the business as well. In view of the absence of any findings concerning values, no more specific advice can be given in response to the inquiry made.

*Case discharged.*

All concurred.