Alonzo J. Prey, S.
This is a proceeding for the judicial settlement of the accounts of the First National Bank of Olean, New York, as executor of the estate of the above-named deceased, as indicated in the title above set forth.
The deceased died a resident of the City of Olean, New York, on the 3d day of March, 1961, leaving a last will and testament dated January 24, 1961, which was duly admitted to probate by decree of this court on March 22, 1961, and letters testamentary were granted that day to the executor named in the will.
The deceased left a substantial estate in excess of $1,000,000, and made many bequests to Catholic institutions, among which were those mentioned in paragraphs fourteenth, fifteenth and sixteenth of the will, which by reason appearances of the recipients of the bequests in those three paragraphs it becomes necessary to construe as to the intent or nature of the bequests.
The fourteenth paragraph reads as follows: ‘£ fourteenth : I give and bequeath one thousand (1,000) shares General Motors Corp. common stock to st. frangís hospital, Olean, N. Y., or if I do not own such stock at the time of my death, then I give the cash equivalent thereof based on the value of such stock on the date of my death.”
The fifteenth paragraph of the will is identical with the fourteenth paragraph, except that St. Anthony’s Guild, a Franciscan Monastery at Paterson, New Jersey, is the recipient of the bequest, and the sixteenth paragraph of the will is identical except that the Diocese of Buffalo, New York, for the use of St. John Vianny Seminary, East Aurora, New York, is the beneficiary of the said bequest.
*98 While the citation which was issued in this matter does not specifically ask that a construction be made of these three paragraphs, it is sufficiently broad in its language to permit the court to construe these three bequests as to whether or not they are specific or general legacies.
It is the claim of St. Anthony’s Guild and the Diocese of Buffalo, by their respective attorneys, that the gifts of 1,000 shares of General Motors Corporation common stock to the beneficiaries named therein were specific bequests, and if so two dividends which have been declared since the testatrix’ death shall be payable to the beneficiaries therein instead of becoming a part of the residuary estate. The executor, of course, takes the position that the bequests were general in nature, and that any dividends declared be added to the residuary estate, and because this question must be resolved before a decree can be drawn, the court has been importuned by the several attorneys to determine this question.
It is a generally accepted principle that it is the intention of the testatrix, as gathered from her entire will which tells whether a legacy is general or specific.
A specific legacy has been defined as a bequest of a particular individualized chattel, fund or portion of the testator’s personal estate which is set apart from the balance of his property, and which is differentiated from all other articles or funds of the same or a similar nature, while a general legacy has been defined as one which is designated primarily by quantity or amount, and which may be satisfied out of the general assets of the testator, without the necessity of delivering any particular chattel or fund to the legatee. These definitions are set forth in the memo submitted by the attorney for the executor, citing as authority (7 A. L. R. 2d 276). The attorney for the executor places great reliance upon the case of Tifft v. Porter (8 N. Y. 516) cited in 1853, as authority for the claim that the legacies in paragraphs fourteenth, fifteenth and sixteenth of the will were general legacies, and this case has been cited by many authorities. However, the Court of Appeals, opinion by Crane, J., Matter of Security Trust (221 N. Y. 213, 219) in referring to Tifft v. Porter (supra) says that, that case so much “ relied upon by the appellant, goes no further than to hold that a gift of stock is a general legacy when there is nothing in the will to indicate that it is a gift of the testator’s stock ”. The court further said (pp. 219-220): “ The counsel in the present case concede, and the concession is supported by all the authorities, that if the word ‘ my ’ had been added before the word 1 stock ’ so that the bequest which James T. Miller made had read, M give to my sister, *99 Louisa J. Reynolds, two hundred (200) shares of my stock of Kee Lox Manufacturing Company, ’ the bequest would have been specific. The law is not so unscientific as to insist upon the use of the word ‘ my ’ Avhen other words may clearly indicate the intention of the testator to give shares then in his OAvnership.”
In a recent case in the Appellate Division, Fourth Department, decided February 22, 1962, Matter of Howe (15 A D 2d 396) opinion by Henby, J., the court says: “ A very slight indication of an intention to give shares in testator’s ownership at the time of the making of a Avill is sufficient to make a legacy specific ’ ’ (citing as its authority Matter of Security Trust Co., supra, also Matter of Davis, 184 Misc. 952). In the Howe case, the testator gaAm $15,000, his automobile, and 500 shares of common stock of Eastman Kodak Company to his secretary, and the question arose as to Avhether or not the legacy Avas specific or general as to the stock. The Surrogate held that that gift was specific, and the Appellate Division agreed with the Surrogate. They modified, hoAvever, his decision as to the application of the intent of the testator as to certain stock dividends and stock splits, but did not disturb the Surrogate’s determination that the gift Avas a specific legacy.
Helen B. Flynn, in her will, gave more than slight indication that the General Motors Corporation stock Avas in her possession at the time she made her will, and that indication is clearly interpretative from the language of the legacy in each of the three paragraphs when she said, “ or if I do not oavu such stock at the time of my death, then I give the cash equal thereof based on the value of such stock on the date of my death ”.
While the dates of the certificates of the stock which the testatrix, Helen B. Flynn, OAvned at the time of her death have not been set forth in any of the papers or memorandums before the court, the court feels that the facts, dates and circumstances here existing gives the court the right to assume that the 12,000 shares of stock which she held at the time of her death, as is conceded in the memorandum submitted by the attorneys for the executor, she OAvned at the time of the making of the will. It is highly improbable that the testatrix would have purchased one-half million dollars worth of stock between the time she made her will on January 24, 1961, and the date of her death on March 3, 1961, and the court is equally convinced by the language of the will that Avhen she gave 1,000 shares of stock to St. Francis Hospital at Olean, New York, and a similar bequest to two other legatees, she was referring to stock Avhich was in her possession and under her ownership at the time she made her will.
*100 The court is also of the opinion that that language alone is an adequate indication of intention to give such stock then in her ownership, and thereby making it a specific legacy. There is, however, other language in the will which bears on the question of intent of the testatrix and supports the contention that said legacies were specific legacies.
The language set forth in the twenty-first clause of the will of the testatrix, wherein she directs that all legacies and bequests shall be free from all succession, inheritance, transfer or estate taxes, is additional supporting evidence that the testatrix intended the bequests of stock in paragraphs fourteenth, fifteenth and sixteenth to be specific, and the courts, in many cases where this same question has been determined, have so held.
Further, the testatrix having bequeathed only 3,000 shares of General Motors Corporation stock when she owned more than 12,000 shares also shoAvs an indication on her part that she was making specific bequests of stock Avhich she then OAvned, and the opinion and reasoning in the case, Matter of Davis (184 Misc. 952, supra) and the cases cited therein would also obtain here.
I conclude, therefore, and I find and determine that the legacies of 1,000 shares of common stock of General Motors Corporation bequeathed to each of the legatees, St. Francis Hospital, St. Anthony’s Guild, and the Diocese of Buffalo, were specific legacies, and that the dividends paid thereon subsequent to the death of the testatrix be paid to said specific legatees. Let decree on judicial settlement contain this determination.