## CIRCUIT COURT OF FAIRFAX COUNTY

In re Estate of
Robert Laird O'Bryan

### Case No. (Fiduciary) 46159

By JUDGE WILLIAM G. PLUMMER

October 15, 1990

This matter is before the court on Thais Leyden O'Bryan's (Executrix) Petition requesting guidance in the interpretation of provisions in the Last Will and Testament of Robert Laird O'Bryan and the Robert Laird O'Bryan Trust regarding the payment of debts.

The Court took evidence and heard arguments concerning this matter on September 20, 1990. After reviewing the evidence and the memoranda of law submitted by counsel, the Court finds that the devise of property to the decedent's granddaughter, Leslie Bennett, passes to her unencumbered, and the Estate of Robert Laird O'Bryan is responsible for the payment of the mortgage on the property located in Corinth, Texas.

During the hearing of this matter, counsel for both parties stipulated that the Court should apply Virginia law when making this decision. Section 64.1-181 of the Code of Virginia states in pertinent part that "[a]ll real estate of any person who may hereafter die . . . though he die testate, shall not by his will be charged or devised subject to the payment of his debts . . . ." Furthermore, Virginia law sates that the personal estate of the decedent is the source for the payment of debts. *See generally, Duerson's Administrator v. Alson,* 68 Va. (27 Gratt.) 229 (1876); *Lewis v. Overby's Administrator,* 72 Va. (31 Gratt.) 601

(1879); *Ryan's Administrator v. McLeod,* 73 Va. (32 Gratt.) 367 (1879); *Edmunds v. Scott,* 78 Va. 720 (1884).

More recently, in *Owen v. Lee,* 185 Va. 160, 164 (1946), the Virginia Supreme Court stated that "in the absence of a contrary testamentary direction, the personal estate of a decedent is the primary fund for the payment of his debts, even though they may be secured by a lien given by the decedent in his lifetime on real estate." The Executrix has failed to demonstrate a contrary testamentary-direction that would persuade the Court to reach a conclusion that contravenes the Code of Virginia and case law.

### September 30, 1991

This matter remains before the Court on Thais Leyden O'Bryan's (Executrix) Petition requesting guidance in the interpretation of provisions in the Last Will and Testament of Robert Laird O'Bryan and the Robert Laird O'Bryan Trust regarding the payment of Robert Laird O'Bryan's debts.

This Court previously ruled by letter opinion dated October 15, 1990, that the Estate of Robert Laird O'Bryan was liable to pay the promissory note secured by the Corinth, Texas, property, which was given to Leslie Bennett by the Robert Laird O'Bryan Trust. There appearing to be insufficient assets in the Estate of Robert Laird O'Bryan to satisfy this note, the question now before the Court is whether the Robert Laird O'Bryan Trust obligates the trustee to pay from the trust the remaining debt due under the promissory note.

Having reviewed the record and the memoranda of law submitted by counsel, the Court finds that the Robert Laird O'Bryan Trust is compelled by the trust instrument to pay the remaining debt due under the promissory note secured by the Texas property.

Article III, Section 1, of the Robert Laird O'Bryan Trust, provides, "Upon the death of Trustor, the Trustee shall pay, out of the Trust Estate, the legally enforceable debts of Trustor and any other debts deemed enforceable by the Trustee, in the Trustee's discretion, the last illness and funeral expenses of Trustor, attorney fees and any other costs incurred in administering Trustor's probate estate." This provision leaves no discretion to the trustee with regard to payment of Robert Laird O'Bryan's legally

enforceable debts; the trustee shall make such payments out of the trust estate. The promissory note secured by the Corinth, Texas, property being a legally enforceable debt of Robert Laird O'Bryan, the trustee must pay this debt out of the Robert Laird O'Bryan Trust Estate.

The only remaining issue is from which property in the trust estate must this debt be satisfied. As Virginia law appears to be silent regarding the order of abatement with respect to gifts from a trust instrument, the Court draws by analogy from Virginia law on wills. *See Belvin's Ex'r v. Belvin*, 167 Va. 355, 189 S.E. 315 (1937) (noting a lack of distinction between wills, trust deeds, and other contracts). It is well settled in Virginia that a testator's debts must be paid before gifts or legacies may pass under the testator's will. *See, e.g., Chavis v. Myrick*, 190 Va. 875, 58 S.E.2d 881 (1950); 2 Harrison, *Wills and Administration* § 413 (G. Howe 3d ed. 1986); 20 Michie's Jurisprudence *Wills* § 157 (1979). Additionally, where an estate contains insufficient assets to pay a testator's debts, legacies under the will are reduced by the amount needed to pay those debts, with the residual and general legacies abating before any specific legacies will abate. *See Chavis*, 190 Va. at 879.

The same principles of abatement should apply to trust instruments. Specifically, residual gifts should abate before specific gifts to pay the debts of a trust estate. Before one can determine what remainder interest remains, the trustee must first apply the trust estate towards any debts due under the trust. Subsequently, when possible, specific and general gifts must be honored. Only then can any interest in the remaining trust property be determined; what property remains after such distributions constitutes the residual gift.

Accordingly, in the case before the Court, abatement principles would require that the promissory note be paid first from the residual or remainder interest in the trust estate. The specific gift of the Texas real estate to Leslie Bennett should not be used to pay the promissory note unless and until the residual and general gifts are exhausted to satisfy that debt. Consequently, the gift of "the remaining Trust Estate" (Robert Laird O'Bryan Trust, Art. III, § 2(d)) must be applied towards the promissory note before any other gift under the trust instrument.

Before finally ruling on this issue as to what property in the trust estate must first be applied towards the promissory note, however, the Court grants counsel twenty-one days to submit legal authority on that issue. After the expiration of twenty-one days, the Court will review the law counsel may have submitted and issue its ruling on this issue.