## CIRCUIT COURT OF NELSON COUNTY

In re Estate of
J. Gill Brockenbrough, Jr.,
deceased

May 5, 2005

Case No. CH04-0059

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule on the Motion for Aid and Guidance in the above estate. My rulings are set forth in the following numbered paragraphs.

1. Any mortgage indebtedness on the real estate of J. Gill Brockenbrough, Jr. (Mr. Brockenbrough), along with other debts of Mr. Brockenbrough, are to be paid from estate assets without contribution from his wife ("Sally").

2. The real estate of Mr. Brockenbrough is not to be sold to pay any estate debts until all other estate assets are exhausted.

3. The money on hand and deposited in checking accounts, savings accounts, and money market accounts bequeathed to Sally in Article Three, subparagraph (A), are specific legacies that abate to pay debts of Mr. Brockenbrough only after general legacies have abated.

4. The $25,000.00 bequest to each of the four children of Mr. Brockenbrough set forth in Article Three, subparagraph (B), is a general legacy to each of the children that abates to pay estate debts prior to any specific legacies.

5. The bequest of tangible personal property to Sally in Article Four is a specific legacy that abates to pay estate debts only after general legacies are exhausted to pay such debts.

6. In the event that it is necessary to abate specific legacies under the will, those bequests abate ratably.

It is always the paramount rule of will construction to ascertain the intention of the testator. *Thomas v. Copenhaver*, 235 Va. 124, 128, 365 S.E.2d 760 (1988). If the intention is ascertainable, it will prevail. *Trice v. Powell*, 168 Va. 397, 401-02, 191 S.E. 758 (1937). It is clear within the boundaries of the four corners of the will Mr. Brockenbrough intended for his real estate to pass debt and lien free. His directive in Article One that all mortgage indebtedness be paid by his executor makes this intention abundantly clear. His further directive in Article Three (B) that the executor "not sell any of my real estate to raise money to fund the legacies" is further support of this intent. Only if there is an ambiguity in the will that would require extrinsic evidence does the court look beyond the four corners of the will. *Gillespie v. Davis*, 242 Va. 300, 303-04, 410 S.E.2d 613 (1991). Mr. Brockenbrough's intent is fully evident under the express terms of the will.

In Article Three (A), Sally is bequeathed by Mr. Brockenbrough "all of my money on hand and on deposit in my checking accounts, savings accounts, and money market accounts. . . ." A specific legacy (bequest) is a gift by will of a specific thing which is so described by the testator as to distinguish it from articles of the same nature. *Warner v. Baylor, Ex'r*, 204 Va. 867, 874, 134 S.E.2d 263 (1964); *May v. Sherrard's Legatees*, 115 Va. 617, 620, 79 S.E. 1026 (1913). What particularly distinguishes a specific legacy is that it is liable to ademption. *May*, 115 Va. at 626.

By using the word "my" in Article Three (A), Mr. Brockenbrough identifies his intention that this is a specific legacy. In the context of stock certificates, it has been held that use of the "my" to describe a stock certificate indicates the intention to make the legacy of the stock specific. *Friedman v. Sabot*, 205 Va. 318, 322, 136 S.E.2d 845 (1964). Further, any of the monetary accounts described in Article Three (A) could have been sold or liquidated prior to debt and subject to ademption.

Article Three (A) follows the intent of Mr. Brockenbrough set forth in the will to make sure that Sally receives her assets lien free and without abatement to pay debts or to fund general legacies.

In Article Three (B), Mr. Brockenbrough gives $25,000.00 to each of his four children. As noted in the memorandum filed by Sally, only Anne

Mercer Brockenbrough and Austin C. Brockenbrough are making claim to this bequest.

A general legacy is a legacy not limited to any particular fund or thing and may be satisfied out of the general assets of the estate. *Warner*, 204 Va. at 874. A common form of a general legacy is a gift of a fixed amount of money. *Myers v. Myers*, 188 Va. 133, 134 (1950).

The bequest of the $25,000.00 to each of the children is certainly a general bequest. It can be satisfied out of the assets of the estate and is not limited to any particular fund.

It is settled law in Virginia that when there are not sufficient assets to satisfy debts and legacies, the debts are paid first and the legacies abate. However, as between general legacies and specific legacies, the general legacies abate first on a pro rata basis among themselves. *Chavis v. Myrick*, 190 Va. 875, 879, 58 S.E.2d 881 (1950). Accordingly, the bequest under Article Three (B) must abate to pay the debts of the estate, including the mortgages, prior to any specific bequest.

Austin Brockenbrough and Anne Mercer argue that it is the intent in Mr. Brockenbrough's will to utilize his non-real estate assets, with the exception of the cash in his bank accounts (Article Three (A)) to fund the cash legacies. This is based upon the provision in Article Three (B) as follows: "[I] direct that my executor shall not sell any of my real estate to raise money to fund the legacies given in this Article Three and that, if the non-real estate assets are not sufficient to provide the money for such legacies, then they shall abate ratably to the extent of such insufficiency."

The court does not agree with this interpretation. This provision merely sets forth the explicit intent of Mr. Brockenbrough to not fund legacies with any real estate assets. As noted above, it is his intent that the real estate assets pass lien free. This is the overriding intent gleaned from the will. There is nothing is Article Three (B) that furnishes any evidence of intent by Mr. Brockenbrough to change the general established rules for the abatement of general and specific legacies to pay debts. In fact, debts are not mentioned.

In Article Four, Mr. Brockenbrough bequeaths his tangible personal property to Sally. The issue is raised whether this bequest is a general bequest which would require abatement for debts prior to any specific bequests, or a specific bequest that gets favorable treatment for the abatement of debts.

The same analysis applies to Article Four that applied to Article Three (A). The use of the phrase "my tangible personal property" discloses an intent by Mr. Brockenbrough to identify his specific tangible

personal property. Further, all or any of the tangible personal property is subject to ademption as a result of sale, destruction, or conveyance prior to death. Accordingly, the tangible personal property is a specific legacy which does not abate for debts until the general legacies abate.