LYNCHBURG COLLEGE, ET AL.

V.

CENTRAL FIDELITY BANK, ET AL.

Record No. 910154

THE COLLEGE OF WILLIAM AND MARY IN VIRGINIA

V.

CENTRAL FIDELITY BANK, ET AL.

Record No. 910170

AMERICAN CANCER SOCIETY, VIRGINIA DIVISION, INCORPORATED

V.

CENTRAL FIDELITY BANK, ET AL.

Record No. 910171

November 8, 1991

Present: All the Justices

*David M. Levy (Alexander W. Bell*, on briefs), for appellant Lynchburg College. (Record No. 910154)

*(A. David Hawkins, Jr.; Overby, Overby, Hawkins & Selz*, on briefs), for appellant Patrick Henry Boys Home. (Record No. 910154)

*(Mary Sue Terry, Attorney General; Paul J. Forch, Senior Assistant Attorney General; C. Tabor Cronk, Assistant Attorney General; Caroline L. Lockerby, Assistant Attorney General*, on briefs), for appellant. (Record No. 910170)

*W. Scott Street, III (A. Peter Brodell; Williams, Mullen, Christian & Dobbins*, on briefs), for appellant. (Record No. 910171)

*Archibald Wallace, III (Roland C. Woodward; Sands, Anderson, Marks & Miller*, on brief), for appellees Lucille Tuck Blanks, Cindy Wilson Hite, Sarah Chandler, Ernest Mullins, William R. Pittard, Jacqueline P. Pittard, Ralph M. Pittard, Esther R. Pittard, Valleda P. Chandler, Harriett P. Beales, Grace Allen P. Sydnor, Henry S. Pittard, Estate of Margaret P. Chewning, Robert C. Pittard, Jr., Connie Pittard Kimmerle, Peggy P. Pittard, Christine P. Fee, A. T. Pittard, Audrey P. Pittard, Mary Lee P. Nash, Charlotte E. Pittard, Emma May P. Vaughan, Clara P. Whitley, Clarence Louis Pittard, Anne Pittard, Samuel Y. Clarke, Jr., Sandra C. Clarke, Samuel Y. Clarke, III, Allon Bruce Clarke, Rebecca B. Crump and Joseph P. Brooks. (Record Nos. 910154, 910170 and 910171)

*C. Daniel Stevens (E. Ford Stephens; Edwin B. Baker; Christian, Barton, Epps, Brent & Chappell; Baker, Williams & Green*, on brief), for appellees William G. Pittard, Pattie D. Pittard, William G. Pittard, Jr. and Garland D. Pittard. (Record Nos. 910154, 910170 and 910171)

JUSTICE COMPTON delivered the opinion of the Court.

Louis G. Pittard, a resident of Clarksville, Mecklenburg County, died in February 1989, leaving a will drawn by an attorney dated in September 1987. Item I of the will provides:

"I desire my just debts and all expenses of the administration of my estate, including such taxes as may be levied against my estate, paid as soon after my death as practicable."

In the will, the testator made 38 cash bequests, a gift of mineral rights, two devises of real estate (one with a bequest of tangible personal property), and two equal residuary bequests — one to a group of nine tax-exempt organizations and the other to a group of relatives (a nephew, a niece-in-law, and two greatnephews).

The will was duly probated and appellees Central Fidelity Bank, William G. Pittard, and Pattie D. Pittard qualified as executors of the estate. Uncertain whether estate taxes should be apportioned among the beneficiaries and, if not, which fund or funds should be charged with those taxes, the executors filed a bill of complaint below in December 1989 joining the beneficiaries as defendants and seeking the court's advice and guidance.

Following a hearing and the argument of counsel, the trial court ruled that Item I of the will "manifests an intention on the part of the decedent, within the purview of Section 64.1-165, Code of Virginia, to direct the payment of such taxes and administrative costs from the property which passes under the residuary clause of the decedent's will," and "that the apportionment of estate tax required under Section 64.1-161, Code of Virginia, is not applicable to" the specific bequests and devises made in the will.

Separate petitions for appeal from the trial court's November 1990 final decree were filed by the following parties which were defendants below: Lynchburg College and Patrick Henry Boys Home, The College of William and Mary in Virginia, and American Cancer Society, Virginia Division, Incorporated. We awarded the appeals and consolidated the cases. A number of the individual beneficiaries have appeared as appellees.

The sole question presented on appeal is whether Pittard's will, particularly the provisions of Item I, contains sufficient direction to prevent the application of Virginia's apportionment statute, Code § 64.1-161, or, stated differently, contains sufficient direction to meet the requirements of Virginia's anti-apportionment statute, Code § 64.1-165. We answer that query in the affirmative because the result in this case is controlled by our decision in *Baylor* v. *National Bank of Commerce*, 194 Va. 1, 72 S.E.2d 282 (1952).

Initially, certain basic principles of law should be reviewed. The Commonwealth and the federal government impose taxes on estates. The federal law provides for the states to determine how the tax burden shall be borne by those who share in the taxed estate. *Riggs* v. *Del Drago*, 317 U.S. 95, 97-98 (1942); *Alexan-*

*dria Nat'l Bank* v. *Thomas*, 213 Va. 620, 622, 194 S.E.2d 723, 725 (1973).

■ In Virginia, all the debts and liabilities of a testator must be paid before any bequests can be effectual; the first mandate of a will is that the testator's just debts should be paid promptly. *Edmunds* v. *Scott*, 78 Va. 720, 726 (1884). When legacies are to be used to pay debts, the residuary legacy is liable first. *Id.* at 729.

■ Without an apportionment statute, the burden of estate taxes, unless otherwise directed by the testator, would fall upon the residuary estate, which ordinarily benefits the natural objects of the testator's generosity. To correct this apparent inequity, Virginia, along with a number of other states, has enacted an apportionment statute. The statute, Code § 64.1-161, is based on the principle that estate taxes should be equitably apportioned among the taxable legatees. *Alexandria Nat'l Bank*, 213 Va. at 625, 194 S.E.2d at 727.

■ The statute provides that estate taxes assessed upon an estate shall be charged against the share of each beneficiary of the estate in the proportion that the value of the beneficiary's interest bears to the total value of the estate, "except that in making such proration each such person shall have the benefit of any exemptions, deductions and exclusions allowed by . . . law in respect of such person or the property passing to him." § 64.1-161.

■ The statutes dealing with apportionment, found in Article 7, Chapter 6 of Title 64.1 of the Code, expressly preserve, however, "the right of a testator to designate such parts of his assets as he desires to bear the burden of all taxes." *Baylor*, 194 Va. at 7, 72 S.E.2d at 285. Code § 64.1-165, the anti-apportionment statute, provides in pertinent part: "But it is expressly provided that the foregoing provisions of this article are subject to the following qualification, that none of such provisions shall in any way impair the right or power of any person by will . . . to make direction [for] the payment of such estate or inheritance taxes and to designate the fund or funds or property out of which such payment shall be made; and in every case the provisions of the will . . . shall be given effect to the same extent as if this article had not been enacted."

■ So the pertinent inquiry, as we have indicated, is whether Pittard's will discloses an intention by the testator that the burden of estate taxes should fall entirely upon the probate estate, contrary to the statutory rule of apportionment. In responding to this

query, we apply ordinary rules of construction relating to wills. In construing a will, a court must ascertain the intent of the testator from the language of the document, if possible. *Gillespie* v. *Davis*, 242 Va. 300, 303, 410 S.E.2d 617, 620 (1991), decided today. If it is made "clear" that the testator intended there should not be an apportionment of taxes, such intent must be given effect. *Simeone* v. *Smith*, 204 Va. 860, 863, 134 S.E.2d 281, 283-84 (1964).

The appellants argue that the testator "merely expressed a general desire to have taxes on his estate paid in a timely fashion," and that Item I is "no more than simple 'boilerplate' language," insufficient to invoke the anti-apportionment statute. They say that the emphasis of the words in Item I is not "on speculative tax allocation instructions, but rather on the *time* for paying all obligations — 'as soon after my death as practicable.' " According to the appellants, "Pittard wanted his legatees to receive their distributions promptly, and the sooner the debts and taxes were paid, the sooner the legatees could enjoy their gifts. To read any more into his request for prompt payment would require speculation and conjecture." We do not agree.

■ In *Baylor*, this Court considered similar language. In that case, the testator in Item 1 directed his executors to pay "all my just debts, funeral expenses and any inheritance, estate, and transfer taxes which may be assessed against my estate, or any beneficiary under this Will, including any share of Federal Estate or other taxes which may be chargeable against any person or persons who may receive any proceeds of life insurance upon my life . . . as soon as practicable after my death." 194 Va. at 3, 72 S.E.2d at 283. The question presented was whether the testator's widow, who was given "one-third of my personal estate," was entitled to receive one-third of the gross personal estate or one-third of the personal estate diminished by the payment of costs of administration, funeral expenses, debts, and estate and inheritance taxes. *Id.* at 2, 72 S.E.2d at 283.

The Court said: "The testator made no distinction between debts, funeral expenses and State inheritance and Federal transfer taxes. It is clear from the language used that he intended all of the items to be treated alike and to be paid in the same manner and from the same fund." *Id.* at 5, 72 S.E.2d at 284. Quoting the *Baylor* trial judge, the Court stated: " 'As the debts must be deducted from the personal estate before the widow's one-third thereof may be determined, it follows . . . that the funeral ex-

penses and taxes mentioned must likewise be deducted therefrom prior to such determination. Any other conclusion would fail to give effect to the provisions of the will.' " *Id.* at 5-6, 72 S.E.2d at 285.

In *Baylor*, the widow contended that the trial court, in ruling against her, failed to apply the provisions of the apportionment statutes. This Court, after quoting the anti-apportionment statute, stated that the testator, in making the provision for the payment of debts and taxes, "simply exercised the right expressly reserved to him in the Apportionment statutes," noting that the point "was not seriously argued before the trial judge." *Id.* at 7-8, 72 S.E.2d at 286. Again quoting the trial judge, this Court noted that the language of the will " 'constituted an effective direction relieving the executors from the necessity of complying with the requirements of the Apportionment statute,' " and that " 'this appears to be in accordance with the great weight of authority.' " *Id.* at 8, 72 S.E.2d at 286.

■ *Baylor*, 39 years later, is still in accord with the great weight of authority. An annotator has summarized the majority rule, referring to so-called "tax clauses" like Item I of Pittard's will: "Where there is no express designation of the fund which is to be burdened with taxes but there is a general direction to the executor to pay all debts, expenses, and taxes, there is an implied direction that the taxes are to be paid from the fund which also bears the burden of debts and expenses." Annotation, *Construction and Effect of Will Provisions Expressly Relating to the Burden of Estate or Inheritance Taxes*, 69 A.L.R.3d 122, 130, 445 (1976 and Supp. 1991).

This is precisely the situation with Pittard's will. In clear language, there is a general direction to pay all debts, expenses of administration, and taxes; that command, "I desire," implicitly is addressed to the executors.* There is no express designation of the fund to be burdened with taxes but there is an implied direction that the taxes are to be paid from the fund which bears the burden of debts and administration expenses. Indeed, the testator specifically stated that he considered debts and expenses of administration as "including" estate taxes.

---

* Precatory words expressing desire, recommendation, or request are uniformly considered imperative when addressed to an executor. *Smith* v. *Trustees of the Baptist Orphanage*, 194 Va. 901, 905, 75 S.E.2d 491, 494 (1953).

■ Paraphrasing *Baylor*, we find that the testator made no distinction between debts, administration expenses, and estate taxes. As we said in *Baylor*: "It is clear from the language used that he intended all of the items to be treated alike and to be paid in the same manner and from the same fund." 194 Va. at 5, 72 S.E.2d at 284. Accordingly, we hold the trial court correctly ruled that the language of Pittard's will, particularly that contained in Item I, demonstrates the testator's intention to relieve the executors from the necessity of complying with the requirements of the apportionment statute, Code § 64.1-161.

■ The appellants labor in vain to distinguish this case from *Baylor*. Actually, their argument amounts to an invitation that we overrule *Baylor*; they urge that we adopt the reasoning of the courts in *Johnson v. Hall*, 283 Md. 644, 392 A.2d 1103 (1978), and *First Nat'l Bank of Morgantown v. McGill*, 377 S.E.2d 464 (W.Va. 1988). We decline the invitation. Maryland and West Virginia follow the minority rule on this subject; both courts acknowledge that the view they adopt is at odds with *Baylor*. *Johnson*, 283 Md. at 650-51, 392 A.2d at 1107-08; *McGill*, 377 S.E.2d at 468 n.6. We refuse to change the Virginia rule, especially in an area of the law such as this where stability is so important.

Consequently, the decree of the trial court will be

*Affirmed.*