## CIRCUIT COURT OF WARREN COUNTY

F. & M. Bank — Winchester,
Adm'r c.t.a. of the estate of
William Vincent Robinson,
Deceased

v.

Lucy Alice Robinson et al.

January 18, 1994

Case No. (Chancery) 93–107

BY JUDGE JOHN E. WETSEL, JR.

This case came before the Court on January 12, 1994, for trial on the administrator's petition seeking the direction of the court with respect to the administration of the decedent's estate. The large amount of federal estate tax and inheritance tax exceeds the provisions made for their payment by the testator which has raised most of the questions which the administrator now seeks to resolve. Certain parties appeared with their counsel: Michael L. Bryan, for the Plaintiff; John N. McCune, for the Defendant Barbara Jennings; and John W. Wine for the Defendant, Vera Rudacille. The Plaintiff's Findings of Fact were reviewed and modified in open court with the consent of the parties. The parties presented their arguments, and the court took the case under consideration and now makes the following decision:

## I. Findings of Fact

The following facts were found by the Court.

William Vincent Robinson died on November 7, 1992, and his will has been probated in this court. The amount of federal estate tax, state inheritance tax, charges of administration, and other debts of the Estate of William Vincent Robinson, Deceased, are projected to be as follows:

### Estate Liabilities other than Taxes

| | | |
|---|---|---|
| Costs of Administration: | $72,547.12 | |
| Funeral Expenses: | 5,771.88 | |
| Other Debts of the Estate: | 13,816.83 | |
| Subtotal of Other Liabilities | | $95,179.47 |

### Estate and Inheritance Taxes

| | | |
|---|---|---|
| Federal Estate Tax: | $574,300.28 | |
| State Inheritance Tax: | $109,326.32 | |
| Subtotal of Taxes | | $683,626.60 |
| Total of All Estate Liabilities | | $778,806.07 |

*See* preliminary draft of Form 706, United States Estate Tax Return, Exhibit A. The figures were amended in court, and the Court's totals differ slightly from those of the petitioner, but the difference is not of suficient magnitude to affect the result, and the actual amount of the taxes is subject to final approval of the Internal Revenue Service. The exact amount of these figures is subject to revision as the estate administration proceeds.

The assets of the Estate of William Vincent Robinson are:

*Personal Property:*

| | |
|---|---|
| Cash | $ 18,848.20 |
| Timber proceeds | 50,664.72 |
| Stocks in Residuary Estate | 550,455.57 |
| Total stocks and cash on hand time of decedent's death: | $619,968.49 |

*Real Estate:*

| | |
|---|---|
| Unimproved lot — Viscose City, Warren County | $700.00 |

| | |
|---|---|
| Gooney Manor Farm, Warren County, Virginia | 995,000.00 |
| Two-acre lot devised to Jennings (Warren County) | 4,000.00 |
| 18.70 acres, Markham, Fauquier County, Virginia | 59,545.00 |
| 185 acres, Markham, Fauquier County, Virginia (75% interest) | 378,716.00 |
| 193.43 acres, Linden, Warren County (75% interest) | 174,000.00 |
| Total real estate: | $1,611,961.00 |

*See* copies of appraisals, HUD-1 statement pertaining to sale of unimproved lot (Viscose City) and opinion of Yount, Hyde and Barbour, P.C., as to valuation of property, Exhibit B. *See* copy of Amended Inventory of Estate of William Vincent Robinson, Deceased, Exhibit C.

In addition to the personal property listed above, there are 5000 shares of F. & M. Bank stock, which were bequeathed to Vera Rudicille under paragraph Sixth of the will, and a tractor bequeathed to R. E. Woodward by paragraph Seventh of the will.

The first paragraph of the decedent's will specifically provides that: "I direct that all of my just debts and funeral expenses be paid."

Paragraph "Eighth" of the will, the residuary clause, provides: "I direct that my Executor is to sell such of my personal effects, stocks and bonds as are necessary to pay any estate taxes which may be due at the time of my death." Paragraphs "First" and "Eighth" are the only provisions in the will dealing with the payment of debts and taxes of the estate.

Paragraph "Second" of the will of the decedent states: "I direct that my Executor shall pay all costs of surveying and transferring the title to this land," which is a two-acre tract devised unto Barbara Jennings.

Paragraph "Third" of the decedent's Will states: "I direct that my Executor shall expend funds, not to exceed Fifty Thousand Dollars ($50,000.00), to repair and restore the brick manor house and the outbuildings which are a part of the curtilage thereof," of the farm known as Gooney Manor, devised to Sally Curtis Clement. Paragraph "Fourth" of the decedent's Will states: "I direct my Executor shall expend funds, not to exceed Twenty-Five Thousand Dollars

($25,000.00), to repair and restore the farm house and outbuildings which are a part of the curtilage thereof," which is the farm at Markham, Fauquier County, Virginia, devised to Betty Curtis Boldridge.

During his lifetime, the decedent signed a contract for the sale of standing timber on certain of his real property which constitutes a portion of the decedent's Estate. The timber was not harvested until after the death of the decedent. The timber contract has now been performed. A copy of said contract, dated August 6, 1992, is Exhibit D.

## II. Conclusions of Law

Under the common law it was well established that standing timber was part of the land in the absence of any constructive severance. 52 Am. Jur. 2d, *Logs and Timber*, § 9. "Some cases hold that when standing timber is sold and in prospect of separation from the soil immediately or within a reasonable time by either the vendor or vendee, there is a constructive severance of the timber and it passes as a chattel; consequently, the contract of sale is not embraced by the statute of frauds". 52 Am. Jur. 2d, *Logs and Timber*, § 16; *accord Hurley v. Hurley*, 110 Va. 31, 65 S.E. 472 (1909). Furthermore, Virginia Code § 8.2–105(2) provides that a contract for the sale of timber to be cut is "a contract for the sale of goods within this title . . . even though it forms part of the realty at the time of contracting." Therefore, the timber proceeds are personal property of the estate and do not descend to the devisees of the real property from which it was harvested.

This is a case where the estate is solvent, and the majority of the questions raised are over the order in which the testator's property is to be applied to his liabilities other than taxes and how the inheritance and estate taxes are to be paid. Where there is insufficient cash and personal property in an estate to pay all the liabilities of the estate, the liabilities of the estate must be broken into two categories: (1) All liabilities other than taxes, and (2) taxes. Where the cash of the estate is not sufficient to pay its nontax liabilities, it is the duty of the personal representative to sell personalty of the estate to satisfy the funeral expenses, costs of administration, debts and legacies. Virginia Code § 64.1–155. It is important to note that this statute does not cover the payment of taxes, which are not technically debts of the decedent but rather are charges on his estate whose payment is covered by other statutes, i.e., Virginia Code §§ 64.1–161 and 64.1–165. *See Alexandria*

*Nat'l Bank v. Thomas*, 213 Va. 620, 625, 194 S.E.2d 723 (1973). The "personal estate of a deceased person is the natural and primary fund for the payment of his debts and legacies, and, as a general rule, must first be exhausted before the real estate can be made liable . . . ." *New v. Bass*, 92 Va. 383, 388, 23 S.E. 747 (1895) (This case did not deal with estate and inheritance taxes). If there is a balance remaining after the payment of the nontax liabilities and there are no taxes due, then legacies may be paid and the rest of the property distributed. However, if, as in this case, after the payment of the estate liabilities other than taxes, there are estate taxes due and insufficient cash to pay the taxes, then questions arise as to what property of the estate is liable to pay the tax, because the tax must be paid.

The estate liabilities other than taxes, i.e., debts, funeral expenses, and costs of administration, total approximately $95,000, and the cash, timber contract proceeds, and proceeds of the sale of the stock in the residuary estate total more than $600,000, so all of the estate liabilities other than taxes can be paid from these funds, and all legacies specified in the will may be paid as later discussed.

In *Friedman v. Sabot*, 205 Va. 318, 321, 136 S.E.2d 845 (1964), the Supreme Court stated:

> A general legacy was recently defined by this Court to be "one which is not limited to any particular fund or thing, does not direct the delivery of any particular property, and may be satisfied out of the general assets of the testator's estate;" while a specific legacy is a bequest "of a specific thing, or some particular portion of the testator's estate, which is so described by the testator as to distinguish it from other articles of the same nature." *Warner v. Baylor, Ex'r*, 204 Va. 867, 874, 134 S.E.2d 263, 269 (cites omitted).

The costs of surveying the two acre tract devised to Barbara Jennings, deed preparation costs, and all other costs of that conveyance are to be paid by the estate, because they are comprised of elements such as the closing costs customarily paid by a grantor, which are costs of administering the decedent's estate, and the other costs are in the nature of a legacy.

As the Supreme Court observed in *Kellam's Ex'rs v. Jacobs*, 152 Va. 725, 731, 148 S.E. 835 (1929):

> While it is a general rule of law that personalty is not only the primary but the only fund for the payment of debts and legacies, unless they are charged upon the realty by express direction or by necessary implication, the general rule is not to be applied in the construction of a will when to do so will defeat the manifest intention of the testator. It is the intention of the testator, however arrived at, that is the chief concern of the court, and that intention, when once determined, will prevail, even though the technical refinements of the law must be sacrificed.

The testator may specify the manner in which his debts are to be paid and the order in which the classes of his property are subject to his debts and the payment of taxes, and these express provisions take precedence over the statutory provisions, so long as the debts are so paid and provision is made for the payment of any taxes due on the estate. Virginia Code § 64.1–165; *Simeone v. Smith*, 204 Va. 860, 134 S.E.2d 281 (1964); *see generally Harrison on Wills and Administration* (3rd ed. 1990) § 467; and Annotation, *Construction and Effect of Will Provisions Expressly Relating to the Burden of Estate or Inheritance Taxes*, 69 A.L.R.3d 122 (1976).

Paragraph "First" of the decedent's will directs that: "All my just debts and funeral expenses be paid." This is, of course, but a restatement of the law whereby an estate must pay all liabilities before any distribution of the estate assets are made to the beneficiaries, and sufficient funds are available to pay the liabilities other than taxes. Paragraph "Eight" of the will provides that: "My Executor is to sell my personal effects, stocks and bonds, as are necessary to pay any estate taxes which may be due at the time of my death." By this provision the testator specifically charged his residuary personal property with the payment of his estate taxes, but after the payment of the nontax liabilities of about $95,000, there remains only about $525,000 remaining from the sale of the residuary personal property. The general legacies may total nearly $75,000, repairing the Gooney and Markham properties and conveying the two acre lot to Jennings. The federal estate taxes alone are projected to be $574,000, so the fund earmarked by the testator in his residuary fund for the payment of the taxes is not enough to pay them. However, this fund is sufficient to pay all the estate liabilities other than taxes and all legacies.

The directions to the executor in paragraphs "Third" and "Fourth" of the will providing that the "Executor shall expend funds . . . to repair and restore" farm house and certain outbuildings, which total expenditures are limited to $25,000 on the Markham Farm and $50,000 on Gooney Manor are general legacies. This language is not precatory and is a mandatory order to the executor. *See* 80 Am. Jur. 2d, *Wills*, § 1168. Since there are funds remaining after the payment of the liabilities other than taxes, the reasonable expenses of repairing and restoring the designated properties are to be paid by the executor, less their proportionate share of the estate taxes. The expenditures are to be made in the discretion of the executor up to the limits imposed by Robinson to repair the properties, but not to renovate them, for example, painting, plumbing and electrical repairs, and roofing repairs or replacement would appear to be within the purview of this directive, but adding a new bathroom or substantially altering a structure would not be proper expenditures. The executor shall not simply give the funds to the beneficiaries.

An important question in the administration of Robinson's estate is the priority between the various legacies and devises and the provisions made for the payment of estate and inheritance taxes. Under his will Robinson contemplated that his debts, funeral expenses, and costs of administration were to be paid, legacies to be distributed, and the estate taxes were to be paid from the sale of the personal property passing under the residuary clause. However, the voracious appetite of the tax man has thwarted the testamentary plan. While Robinson specifically designated "his personal effects, stocks and bonds" in his residuary estate as the primary fund for the payment of taxes, he made no provision for the situation where this fund was insufficient to pay the taxes and other liabilities. The Virginia Supreme Court recently reviewed the doctrine of apportionment of estate taxes *vis-a-vis* the language of the will in *Lynchburg College v. Central Fid. Bank*, 242 Va. 292, 296–299, 410 S.E.2d 617 (1991):

> In Virginia, all the debts and liabilities of a testator must be paid before any bequests can be effectual; the first mandate of a will is that the testator's just debts should be paid promptly. *Edmunds v. Scott*, 78 Va. 720, 726 (1884). When legacies are to be used to pay debts, the residuary legacy is liable first. *Id.* at 729.

Without an apportionment statute, the burden of estate taxes, unless otherwise directed by the testator, would fall upon the residuary estate, which ordinarily benefits the natural objects of the testator's generosity. To correct this apparent inequity, Virginia, along with a number of other states, has enacted an apportionment statute. The statute, Code § 64.1–161, is based on the principle that estate taxes should be equitably apportioned among the taxable legatees. *Alexandria Nat'l Bank*, 213 Va. at 625, 194 S.E.2d at 727.

The statute provides that estate taxes assessed upon an estate shall be charged against the share of each beneficiary of the estate in the proportion that the value of the beneficiary's interest bears to the total value of the estate, "except that in making such proration each such person shall have the benefit of any exemptions, deductions and exclusions allowed by . . . law in respect of such person or the property passing to him." § 64.1–161.

The statutes dealing with apportionment, found in Article 7, Chapter 6 of Title 64.1 of the Code, expressly preserve, however, "the right of a testator to designate such parts of his assets as he desires to bear the burden of all taxes." *Baylor*, 194 Va. at 7, 72 S.E.2d at 285. Code § 64.1–165, the anti-apportionment statute, provides in pertinent part: "But it is expressly provided that the foregoing provisions of this article are subject to the following qualification, that none of such provisions shall in any way impair the right or power of any person by will . . . to make direction [for] the payment of such estate or inheritance taxes and to designate the fund or funds or property out of which such payment shall be made; and in every case the provisions of the will . . . shall be given effect to the same extent as if this article had not been enacted."

In the instant case, Robinson directed his executors to pay "my just debts and funeral expenses." Unlike the Pittard will and the will in *Baylor v. Nat'l Bank of Commerce*, 194 Va. 1, 72 S.E.2d 282 (1952), Robinson did not include estate taxes within the general charge to his executor under paragraph "First," and the general language in paragraph "First" is not sufficient to bring the Robinson will within the holding of *Lynchburg College* and consequently charge his residuary estate with the payment of all the estate taxes. *See Lynchburg College*

*v. Central Fid. Bank, supra* at 292. Robinson expressly exercised his anti-apportionment rights pursuant to Virginia Code § 64.1–165 in paragraph "Eighth." Therefore, after the application of the proceeds of the residuary personal property to the taxes, all of the property of the estate is proportionately liable for the payment of the estate and inheritance taxes under the apportionment statute, Virginia Code § 64.1–161.

The 5,000 shares of F. & M. Bank stock bequeathed to Vera Rudacille under Paragraph "Sixth" of the decedent's will is a specific legacy and shall be distributed to her less a proportionate share of the taxes.

The tractor devised to R. E. Woodward is a specific legacy and shall be distributed to him less his proportionate share of the taxes.

After all the estate liabilities other than taxes have been paid and all legacies made, including the restoration expenditures under paragraphs "Third" and "Fourth" of the will, the balance of funds remaining will be applied against the estate and inheritance taxes. To the extent that the estate and inheritance taxes remain unpaid, all the real and personal property devised or bequeathed under the will, including that passing to Vera Rudicille, R. E. Woodward, and Barbara Jennings is proportionately subject to payment of the estate and inheritance taxes pursuant to Virginia Code Section 64.1–161.