PRESENT:  All the Justices

DANIEL C. STICKLEY, JR., CO-EXECUTOR
OF THE ESTATE OF DANIEL C. STICKLEY, SR.,
DECEASED
                                        OPINION BY
v.  Record No. 971244        JUSTICE CYNTHIA D. KINSER
                                   February 27, 1998
WILLIAM S. STICKLEY, CO-EXECUTOR
OF THE ESTATE OF DANIEL C. STICKLEY, SR.,
DECEASED, ET AL.

            FROM THE CIRCUIT COURT OF ROCKINGHAM COUNTY
                    John J. McGrath, Jr., Judge


     In this appeal, we determine whether an article in a

will, which directs all estate taxes and administration

expenses to be paid out of the residuary estate, avoids

apportionment of the remaining estate taxes upon depletion

of the residuary estate.  Because the testator treated all

debts the same, we conclude that the estate taxes should

not be apportioned and, therefore, will affirm the judgment

of the lower court.

                            I.

     This case concerns the interpretation of Article One

in the Last Will and Testament of Daniel C. Stickley (the

Testator), who died on May 4, 1995.  Article One of his

will addresses the payment of death taxes and

administration expenses:

          All estate, inheritance, and other death
       taxes including interest and penalties together
       with the expenses of my last illness and all

administration expenses including an appropriate marker for my grave, payable in any jurisdiction by reason of my death,(including those taxes and expenses payable with respect to assets which do not pass under this will) shall be paid out of and charged generally against the principal of my residuary estate. I waive any right of reimbursement for or recovery of those death taxes and administration expenses.

Pursuant to the will, Daniel C. Stickley, Jr., and William S. Stickley, the Testator's two sons, qualified as co-executors of the estate on May 11, 1995. They are also the beneficiaries of the residuary estate.

The Testator's estate is solvent, but the residuary estate is insufficient to pay all the administration costs, debts, funeral expenses, and estate taxes as directed in Article One. A dispute arose between the co-executors regarding the proper interpretation of the will and whether the estate taxes should be apportioned upon depletion of the residuary estate.

Daniel Stickley filed a bill of complaint in the court below and asked the court to give aid and direction regarding the interpretation of the will, particularly in regard to the issue of apportionment of the estate taxes in excess of the funds available in the residuary estate. After considering written memoranda and oral arguments of the parties, the circuit court held in a decree dated March 20, 1997, that "the proper interpretation of the testator's

2

Will requires that estate taxes shall not be apportioned in the event of insufficient funds in the residuary estate." The court further found that all estate taxes should be treated as a general charge against the estate like the debts and costs of administration to be paid from the assets in the probate estate.  Daniel Stickley appeals.

I.

When an estate owes estate taxes, Code § 64.1-161 requires that such taxes be apportioned.[1]  This statute is "based on the principle that estate taxes should be equitably apportioned among the taxable legatees." Lynchburg College v. Central Fidelity Bank, 242 Va. 292,

---

[1] In pertinent part, Code § 64.1-161(A) states the following:

> Except as provided in subsection B of this section, whenever it appears upon any settlement of accounts or in any other appropriate action or proceeding that an executor, administrator, curator, trustee or other person acting in a fiduciary capacity has paid an estate tax levied or assessed under the provisions of any estate tax law of the Commonwealth, any other state or the United States heretofore or hereafter enacted, upon or with respect to any property required to be included in the gross estate of a decedent under the provisions of any such law, the amount of the tax so paid, together with any interest and penalty required by the taxing authority to be paid, shall be prorated among the persons interested in the estate to whom such property is or may be transferred or to whom any benefit accrues.

296, 410 S.E.2d 617, 619 (1991).  However, an individual may avoid apportionment by making directions in a will "for the payment of such estate taxes and . . . designat[ing] the fund or funds or property out of which such payment shall be made."  Code § 64.1-165.

In this case, the parties agree that the Testator, in Article One of his will, exercised his right under Code § 64.1-165 to avoid apportionment of the estate taxes as otherwise would have been required by Code § 64.1-161(A). However, the dilemma for the co-executors is that the administration costs, debts, funeral expenses, and estate taxes exceed the residuary estate.  They disagree as to which fund or property should bear the burden of paying the estate taxes after the residuary estate is exhausted. Daniel Stickley asserts that the estate taxes that remain outstanding after exhausting the residuary estate should be apportioned.  William Stickley, on the other hand, argues that the Testator intended that the estate taxes be treated the same as all other expenses and administration costs. Thus, he contends that the remaining estate taxes should not be apportioned but should be a general charge against the estate.  We agree with William Stickley.

Although Daniel Stickley argues otherwise, our decision in Lynchburg College is dispositive.  In that

4

case, the decedent's will directed that all debts and expenses of administration, including any taxes levied against the estate, be paid as soon as practicable. The decedent did not, however, specify any particular fund out of which the expenses and taxes were to be paid. The sole question on appeal was whether that provision in the will was "sufficient direction to prevent the application of Virginia's apportionment statute, Code § 64.1-161, or, stated differently, contains sufficient direction to meet the requirements of Virginia's anti-apportionment statute, Code § 64.1-165." Lynchburg College, 242 Va. at 295, 410 S.E.2d at 619. We answered the question in the affirmative and concluded that, although the decedent did not designate the fund out of which the taxes were to be paid, the decedent, nevertheless, intended that the taxes be paid from the same fund which bore the burden of the other debts and administration expenses. In short, the decedent intended that the estate taxes, debts, and administration expenses be treated as a charge against the estate, thus avoiding apportionment of the estate taxes.

We find the same intent in this case. The Testator, in Article One of his will, directed that the estate taxes, debts, funeral expenses, and administration costs be treated in the same manner by specifying that they all be

5

paid from the residuary estate.  An insufficient residuary estate does not change that intent.  When the Testator initially directed identical treatment of all these expenses, he successfully invoked the anti-apportionment statute, Code § 64.1-165, and having done so, apportionment does not apply, absent some direction to that effect by the Testator.  See Baylor v. Nat'l Bank of Commerce, 194 Va. 1, 5, 72 S.E.2d 282, 284 (1952) (finding that since decedent made no distinction between debts, funeral expenses, and estate taxes, decedent intended that these obligations "be treated alike and be paid in the same manner and from the same fund").

Nor is it relevant that the Testator in this case designated a particular fund out of which to pay the estate taxes and administration costs while the decedents in Lynchburg College and Baylor did not.  The pertinent inquiry is not whether a particular fund was identified but whether the Testator intended that the debts, administration costs, and estate taxes be treated alike. "The intent of the testator is the cardinal rule," and must be fulfilled.  Simeone v. Smith, 204 Va. 860, 863, 134 S.E.2d 281, 283 (1964).  In the present case, the Testator's intent to avoid apportionment of his estate taxes, even if the residuary estate is depleted, is further

6

evidenced by his waiver in Article One of any right of recovery of the estates taxes.

For these reasons, we conclude that any estate taxes outstanding after exhaustion of the residuary estate should not be apportioned but should be charged generally against the probate estate.  The Testator satisfied the requirements of the anti-apportionment statute, Code § 64.1-165.  Accordingly, we will affirm the judgment of the circuit court.

Affirmed.