# CIRCUIT COURT OF ROCKINGHAM COUNTY

William S. Stickley,
Co-executor of the
Estate of Daniel C. Stickley,
deceased

v.

Daniel C. Stickley, Jr.,
Individually and as Co-Executor
of the Estate of Daniel C. Stickley,
deceased

December 22, 1999

Case No. (Chancery) 16084

BY JUDGE JOHN J. MCGRATH, JR.

What was stated in *Stickley v. Stickley*, 43 Va. Cir. 123 (1997), applies with equal force to this case: "This is one of at least five fratricidal lawsuits between the only two sons and heirs of Dan Stickley, Sr." *Id*. at 124. See also, *Stickley v. Stickley*, 255 Va. 405 (1998). This particular suit is one brought by William Stickley against his brother individually and as co-administrator of their father's estate, alleging innumerable breaches of fiduciary duty committed by his brother, Dan Stickley, Jr., while purporting to exercise a general power of attorney executed by his father. The plaintiff challenges literally dozens upon dozens of various interfamily and intrafamily transactions plus certain transactions between Dan Stickley, Jr., and the family-held corporation (in which Dan Stickley, Jr., and his family own approximately 65% and in which William Stickley and his family own 35%).

As is so often the case, the animosity and hatred between the two brothers and litigants is approximated (but not equaled) only by their apparent distaste in paying taxes to the Internal Revenue Service and the Commonwealth of

Virginia. Therefore, many of the transactions which are now challenged by William Stickley were purportedly done to "avoid" or "minimize" various income and estate taxes that would probably have been owed by their father, their family corporation, and/or their father's estate.

The facts need not be replowed in depth once again in this case. However, suffice it to say that Dan Stickley, Sr., who was patriarch of the family, executed a power of attorney in 1982 giving his son, Dan Stickley, Jr., a general power of attorney. This power of attorney was renewed and replaced with a new power of attorney in 1992 (because of a ruling of the Supreme Court and subsequent legislation) which specifically engrafted gifting powers to the various powers of the holder of the Power of Attorney. One of the difficulties encountered in trying to sort through the amazing complexity of the transactions that are challenged is the fact that when a number of these transactions occurred, Mr. Dan Stickley, Sr., was alive and was competent to conduct his own affairs. Dan Stickley, Jr., frequently during the course of the litigation would assert (generally without any corroboration) that he was instructed by his father to undertake a certain course of conduct or make a certain transfer using the power of attorney.

It also must be noted that many of the disbursements made of the father's estate by Dan Stickley, Jr., which in and of themselves may have been highly suspect activity for a fiduciary, cannot really be challenged at this point because his brother, William Stickley, was an equal beneficiary of the largess of the holder of the Power of Attorney and the transfers to each of them are often offsetting and, for purposes of this litigation, do not give rise to any liability *inter se.*

This Court indicated much earlier in this proceeding that the law governing the holder of a power of attorney makes it clear that such a holder is a fiduciary to the grantor and owes the highest degree of fidelity. The law governing the responsibilities of fiduciaries and the burden of proof required to exonerate a fiduciary when self-dealing is involved have been well established in Virginia for a considerable period of time. See e.g., *Oden v. Salch*, 237 Va. 525 (1989); *Creasy v. Henderson*, 210 Va. 744 (1970); and *Nicholson v. Shockey*, 192 Va. 270 (1951).

There is nothing in the Power of Attorney originally executed by Dan Stickley, Sr., in 1982 or in the amendment executed in 1992 which suggests that Mr. Stickley meant in any way to lessen the fiduciary responsibility of the holder of his Power of Attorney. In addition, the Court can find no case to support the proposition that the holder of a Power of Attorney which has specific gifting powers granted is, in any way, subject to a lesser standard of fiduciary responsibility than a regular fiduciary. In fact, when a holder of a

Power of Attorney is explicitly granted the right to make gifts, the application of the common law rule that a fiduciary must prove by clear and convincing evidence that his self dealing is consistent with his fiduciary duties is probably more necessary than in most cases.

Moreover, in this case, William Stickley had, early on in this stage of the battle, warned Dan Stickley, Jr., that he was going to be watching his every action under the Power of Attorney, and if Dan Stickley, Jr., deviated in the slightest from the straight and narrow, he would "sue" him. Tr. 690. In view of that chilling warning, it is utterly unbelievable that Dan Stickley, Jr., continued his self-dealing ways without, in any way, trying to obtain corroborated evidence that he was carrying out the intentions of this principal.

Having reviewed all of the evidence, the testimony, and the numerous exhibits that were introduced in the case and applying the above principles of law and equity, the Court finds that Dan Stickley, Jr., on a number of occasions breached the fiduciary duty that he owed to his father and caused the father's estate to be impermissibly diminished by having made gifts to himself or his family. As such, this Court will require Dan Stickley, Jr., to repay into the Estate of Daniel C. Stickley, Sr., deceased, the following sums of money:

(1) A $10,000 cash gift that Dan Stickley, Jr., made to himself and a $10,000 cash gift that he made to his wife on May 30, 1990. Interest on that debt to the estate will run at the rate of 9% from May 30, 1990, until paid in full.

(2) A 1991 cash gift of $10,000 by Dan Stickley, Jr., to himself on March 11, 1991, and $5,000 cash gift by him to his wife on July 29, 1991. Interest will run at 9% from March 11, 1991, for the $10,000 and from July 29, 1991, for the $5,000.

(3) The sum of $8,475 to recompense the estate for monies expended upon paving Dan's driveway and roadway. Interest on that sum will be at the rate of 9% *per annum* from July 7, 1992, until paid in full.

(4) 1992 cash gifts of $25,000, which consisted of a $10,000 gift that Dan Stickley, Jr., made to himself, a $10,000 gift which he made to his wife, a $1500 gift which he made to one daughter, a $1500 gift which he made to another daughter, and a $2000 gift which he made to another daughter for a total reimbursement of $25,000 with interest at 9% to run from April 1, 1992.

(5) Dan Stickley, Jr., shall repay to the estate the sum of $7,589.00 which is the amount of his personal electric bills which were paid from his father's funds. These payments were made during the course of 1990 through 1995. This amount shall bear interest at the rate of 9% commencing on January 1, 1995, until paid in full.

(6) Dan Stickley, Jr., shall be required to return to the estate $4,000 representing an overpayment to himself of power of attorney's fees during the period 1992 through 1995. This amount shall bear interest at the rate of 9% from January 1, 1995.

In addition Daniel C. Stickley, Jr., shall pay to William Stickley directly the sum of $12,500 representing one-half of the Aetna Life Insurance policy death benefit because Daniel C. Stickley, Jr., breached his fiduciary duty by deleting William Stickley as a 50% beneficiary. The amount shall bear interest at 9% from June 4, 1995.

To the extent not specifically awarded here, this court denies any other requests for reimbursement to the estate or William Stickley for Dan Stickley, Jr.'s actions. Compensation for attorney's fees is also denied.

The Clerk of the Court is directed to send attested copies of this opinion and order to James V. Lane, Esquire, counsel for Dan Stickley, Jr., and to Bonnie L. Paul, Esquire, counsel for William Stickley.